IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CIA AGENT MONTELL BOWMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CLAIRE E. CONNORS "USA,"<br><br>Defendant. | Case No. 24-cv-00303-DKW-RT<br><br>**ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS**[1] |

On July 19, 2024, Plaintiff Montell Bowman, proceeding *pro se*, filed a Complaint against Claire E. Connors, the current United States Attorney for the District of Hawaiʻi. Dkt. No. 1. Therein, Bowman asserts that, among other things, Connors and an unnamed federal judge signed "a 900 trillion dollar contract . . . to send an individual 'CIA agent' MAB to the CIA, this contract coupled with the use of psychic technology to prove a legal lawsuit and locate individuals." *Id.* at 4. That same day, Bowman also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay. Though

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must "allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Bowman has failed to make the requisite showing under Section 1915(a). In his IFP Application, Bowman alleges that his income consists of approximately $2,000 a month from his employment at Smith and Kings.[2] Dkt. No. 2 at 1. Further, although Bowman has no money in cash or in a checking or savings account and no items or assets of value, he also appears to have no expenses of any kind.[3] As such, in light of these figures, the Court is unable to find that Bowman lacks the financial means to pay the $405 filing fee for this

---

[2]Although the Court recognizes that Bowman has a wife and two children, it is unclear whether these individuals live in the same household. *See* Dkt. No. 2 at 2. Accordingly, presuming a household of one person, Bowman's income exceeds the poverty guideline identified in the Department of Health and Human Services' ("HHS") 2024 Guidelines for Hawaiʻi. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.
[3]Despite listing his wife and children as dependents, Bowman fails to explain how much, if anything, he contributes towards their support. *See* Dkt. No. 2 at 2. As such, the Court cannot properly evaluate the impact of any such potential expense.

action while still being able to afford the necessities of life.  *See Escobedo*, 787 F.3d at 1234–36.  His IFP Application, Dkt. No. 2, is consequently DENIED.

Bowman may have until **August 9, 2024** to pay the required $405 filing fee. **The Court cautions Bowman that failure to pay this fee by August 9, 2024 will result in the automatic dismissal of this action without prejudice and without further notice.**

IT IS SO ORDERED.

DATED: July 23, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

CIA Agent Montell Bowman vs. Claire E. Connors USA; Civ 24-00303 DKW-RT; **ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES AND COSTS**