IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CIA AGENT MONTELL BOWMAN, | Case No. 24-cv-00303-DKW-RT |
| Plaintiff, | **ORDER DISMISSING CASE**[1] |
| vs. | |
| CLARE E. CONNORS "USA," | |
| Defendant. | |

On July 19, 2024, Plaintiff Montell Bowman, proceeding *pro se*, filed a Complaint against Clare E. Connors—the United States Attorney for the District of Hawaiʻi. Dkt. No. 1. Bowman claimed, *inter alia*, that Connors and an unnamed federal judge signed a "900 trillion dollar contract . . . to send an individual 'CIA agent' MAB to the CIA . . . coupled with the use of psychic technology to prove a legal lawsuit and locate individuals." Dkt. No. 1 at 4. In addition, Bowman also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On July 23, 2024, the Court issued an Order determining that Bowman had the financial means to pay the $405 civil filing fee and denying his IFP Application on those grounds. Dkt. No. 4. Therein, Bowman was explicitly cautioned that should he fail to pay the filing fee by August 9, 2024, his case would be dismissed

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

without prejudice or further notice. *Id.* at 3. That deadline has now passed, and no filing fee has been received. Accordingly, as indicated in the July 23, 2024 Order and more fully explained herein, this case is DISMISSED WITHOUT PREJUDICE.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, this case cannot proceed without payment of the filing fee. *See* 28 U.S.C. § 1914(a). Consequently, Bowman's failure to pay the filing fee as instructed prevents the resolution of this case on the merits and hinders the public's interest in the expeditious resolution of litigation. This factor therefore favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Bowman's failure to comply with the July 23, 2024 Order and remit the filing fee impedes the Court's ability to manage its docket. Put simply, the Court cannot properly manage its docket where litigants such as Bowman fail to timely respond to the Court's instructions and orders. Therefore, this factor also favors dismissal.

Third, Bowman's failure to pay the filing fee in a timely manner risks prejudice to Connors. The Ninth Circuit has explained that in evaluating this factor, the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action. *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, despite the Court's explicit explanations and instructions, Bowman has failed to pay the filing fee, request an extension, or provide any excuse or rationale for his failure to do so. Given his non-responsiveness, this factor therefore weighs in favor of dismissal. *See id.* at 643.

Fourth, the Court has already provided Bowman with less drastic alternatives to no avail. The Court's July 23, 2024 Order explicitly advised Bowman that he was required to pay the $405 filing fee by August 9, 2024, and that his failure to do so would result in the automatic dismissal of his case without prejudice or further notice. Dkt. No. 7 at 3. Nevertheless, Bowman failed to comply. Consequently, this factor also favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the

court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Fifth and finally, because public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to remit the filing fee, pursuant to the Court's July 23, 2024 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: August 19, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

CIA Agent Montell Bowman vs. Clare E. Connors USA; Civil No. 24-00303 DKW-RT; **ORDER DISMISSING CASE**